

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-52,120-02

### EX PARTE COY WAYNE WESBROOK

### ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE NO. 768395-B IN THE 228TH JUDICIAL DISTRICT COURT HARRIS COUNTY

*Per curiam.*

### O R D E R

In June 1998, Applicant was convicted of the offense of capital murder. The jury answered the special issues submitted under Article 37.071 of the Texas Code of Criminal Procedure, and the trial court, accordingly, set punishment at death. The conviction was affirmed on direct appeal. *Wesbrook v. State,* 29 S.W.3d 103 (Tex. Crim. App. 2000). Applicant's initial writ, *Ex parte Wesbrook,* No. WR-52,120-01, was denied on June 26, 2002. Applicant's first subsequent writ, *Ex parte Wesbrook,* No. WR-52,120-02, in which he claimed that his execution would violate the Eighth Amendment's prohibition against the

execution of the mentally retarded, was denied on March 21, 2007. *See Atkins v. Virginia,* 536 U.S. 304 (2002).

This Court denied Applicant's *Atkins* claim in 2007, after Dr. George Denkowski acted as the State's expert witness on the -02 writ application. In April 2011, Denkowski entered into a Settlement Agreement with the Texas State Board of Examiners of Psychologists, in which his license was "reprimanded." Pursuant to this Settlement Agreement, Denkowski agreed to not accept any engagement to perform forensic psychological services in the evaluation of subjects for mental retardation or intellectual disability in criminal proceedings. Applicant thereafter submitted a suggestion that this Court "reconsider on its own initiative" its denial of his *Atkins* claim. On April 4, 2012, we exercised our authority to reconsider this cause on our own initiative. We remanded this cause to the trial court to allow it the opportunity to re-evaluate its initial findings, conclusions, and recommendation in light of the Denkowski Settlement Agreement.

On September 5, 2014, the trial court signed an order adopting the State's Amended Proposed Findings of Fact and Conclusions of Law which recommended that relief be denied. We have reviewed the record and the September 5, 2014 findings of fact and conclusions of law. Based upon the trial court's findings and conclusions and our own review, we deny relief.

IT IS SO ORDERED THIS THE 28TH DAY OF JANUARY, 2015.

Do Not Publish